UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ALEXANDRIA S.,

                               **Plaintiff,**

  vs.                                                     6:22-CV-00020
                                                              (MAD/DJS)
**COMMISSIONER OF SOCIAL SECURITY,**

                               **Defendant.**
_____

**APPEARANCES:**                                    **OF COUNSEL:**

**OFFICE OF PETER W. ANTONOWICZ**      **PETER W. ANTONOWICZ, ESQ.**
148 West Dominick Street
Rome, New York 13440
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**     **AMANDA J. LOCKSHIN, ESQ.**
6401 Security Boulevard                                 **LUIS PERE, ESQ.**
Baltimore, Maryland 21235
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff Alexandria S. commenced this action pursuant to 42 U.S.C. § 405(g) seeking review of the decision of the Commissioner of Social Security (the "Commissioner") denying her application for Social Security Disability Insurance Benefits ("DIB"). *See* Dkt. No. 1. In a Report-Recommendation and Order dated February 3, 2023 (the "Report-Recommendation"), Magistrate Judge Stewart recommended that (1) Plaintiff's motion for judgment on the pleadings be granted in part and denied in part; (2) Defendant's motion for judgment on the pleadings be denied; and (3) the Commissioner's decision be reversed and this matter be remanded for further proceedings. *See* Dkt. No. 16.

      Neither party has filed objections to the Report-Recommendation. When a party declines

to file objections to a magistrate judge's report-recommendation or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [presented] to the magistrate judge," the district court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); see also McAllan v. Von Essen, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367, 2017 WL 5484663, *1 n.1 (N.D.N.Y. Nov. 14, 2017) (quotation and citations omitted). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).

      The Court does not discern any clear error in the Report-Recommendation. As Magistrate Judge Stewart found, remand is warranted in this case because the ALJ (1) inappropriately found that the sole fact that Plaintiff was able to care for two young children and an elderly relative contradicted any finding of physical or mental disability, *see Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998) ("[A] claimant need not be an invalid to be found disabled under the Social Security Act"); and (2) placed disproportionate weight on Plaintiff's activities of daily living to discredit both Plaintiff's consultative psychiatric examiner and her treating mental health provider without adequately articulating how he considered those medical opinions using the appropriate factors—including supportability and consistency—with respect to the medical evidence as a whole, *see* 20 C.F.R. §§ 404(b)(2), (c); *see also Claudio-Montanez v. Kijakazi*, No. 21-2027, 2022 WL 17819123, *3 (2d Cir. Dec. 20, 2022) ("[A] claimant's 'ability to engage in certain activities of daily living—such as caring for ... children ... is insufficient to render 'a treating physician's findings flawed'") (quoting *Colgan v. Kijakazi*, 22 F.4th 353, 363 (2d Cir. 2022)). An

2

ALJ is required to "'explain how [he or she] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in [its] determination or decision,'" *Loucks v. Kijakazi*, No. 21-1749, 2022 WL 2189293, *1 (2d Cir. June 17, 2022) (quotation omitted), and the ALJ's failure to do so "is grounds for remand," *Telesco v. Comm'r of Soc. Sec.*, 577 F. Supp. 3d 336, 344 (S.D.N.Y. 2021), *report and recommendation adopted*, 2022 WL 719271 (S.D.N.Y. Mar. 10, 2022) (citations omitted). Magistrate Judge Stewart also soundly concluded that remand with the direction to award benefits is not appropriate in this case because the record does not persuasively establish "'evidence of total disability that render[s] any further proceedings pointless.'" *Stacey v. Comm'r of Soc. Sec. Admin.*, 799 Fed. Appx. 7, 11 (2d Cir. 2020) (quoting *Williams v. Apfel*, 204 F.3d 48, 50 (2d Cir. 1999)).

Accordingly, after carefully reviewing the Report-Recommendation, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order (Dkt. No. 16) is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings is **GRANTED in part** and **DENIED in part**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings is **DENIED**; and the Court further

**ORDERS** that the Commissioner's decision is **REVERSED**, and this case is **REMANDED**, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with this Order and Magistrate Judge Stewart's Report-Recommendation and Order; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 21, 2023
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge